1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICK ALLEN,

11           Plaintiff,                    No. 2:12-cv-1920 JAM CKD PS

12      vs.

13   KAISER PERMANENTE, et al.,

14           Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16           Defendants' motion to dismiss[1] came on regularly for hearing on September 26,

17   2012.  Plaintiff Rick Allen appeared in propria persona.  Chris Baker appeared for defendants.

18   Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff

19   and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

20           In this action, originally filed in state court on January 31, 2012, plaintiff alleges

21   claims arising out of the termination of his employment.  The action was properly removed from

22   state court on July 20, 2012 on the basis of preemption of the state law claims by section 301 of

23   the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 141 et seq.  Plaintiff alleges he

24   was placed on indefinite administrative leave on August 7, 2008 based on a "frivolous

25   _____

26   [1] Kaiser Foundation Health Plan, Inc. was added as a defendant on September 4, 2012 and joins in the motion to dismiss.  Dkt. nos. 10, 14.

1   allegation" that plaintiff threatened a supervisor.  Plaintiff further alleges that he was placed on

2   administrative leave in violation of a collective bargaining agreement.  In support of his

3   opposition to the motion to dismiss, plaintiff asserts he pursued an administrative remedy with

4   the "NLRA"[2] and that those proceedings became final on April 26, 2011.  Plaintiff also states in

5   his declaration that "Plaintiff is a Union Representative and believes that Defendants are

6   retaliating against him because of his union activities."  Pl. Decl. ¶ 7.  Plaintiff asserts claims for

7   wrongful termination, retaliation, slander and intentional infliction of emotional distress.

8           Defendants move to dismiss the claim for retaliation on the basis that the court

9   does not have subject matter jurisdiction over this claim.  When an activity is subject to section 7

10  or 8 of the National Labor Relations Act, the NLRB has primary jurisdiction over claims arising

11  out of that activity.  See San Diego Building Trades Council v. Garmon, 359 U.S. 236 (1959).

12  Here, plaintiff alleges his employer retaliated against him for engaging in union activities.

13  Termination of employment based on union activity is an unfair labor practice subject to the

14  NLRA.  See Nabors Alaska Drilling, Inc. v. N.L.R.B., 190 F.3d 1008, 1014-15 (9th Cir. 1999).

15  In opposition, plaintiff asserts that his activities might not be a protected activity subject to

16  section 7 or 8 but he does not set forth an applicable exception to Garmon preemption.  Nor did

17  plaintiff articulate at the hearing any exception which might apply under the circumstances

18  alleged in plaintiff's complaint.  The claim for retaliation should therefore be dismissed for lack

19  of subject matter jurisdiction.

20          Defendants also move to dismiss the claim for wrongful discharge on the ground

21  that this cause of action is preempted by § 301 of the LMRA.  Under Allis-Chalmers Corporation

22  v. Lueck, 471 U.S. 202 (1985), if the dispute requires interpretation of the terms of the collective

23  bargaining agreement, then the claim is preempted.  Even if recast as a contract claim under

24  section 301, such a claim would be barred by the six-month statute of limitations provided under

25

26          [2]  Presumably this reference is to the  "NLRB," i.e. the National Labor Relations Board.

1    29 U.S.C. § 160.  <u>DelCostello v. International Brotherhood of Teamsters</u>, 462 U.S. 151 (1983).

2    Similarly, plaintiff's claims for slander and intentional infliction of emotional distress are

3    preempted, and if recast as § 301 claims, are barred by the six-month statute of limitations.[3]

4    Assuming arguendo plaintiff's claims are not preempted, they would also be barred by the

5    statutes of limitations governing the underlying state law claims.  <u>See</u> Cal. Code Civ. Proc.

6    § 335.1 (two years for personal injury or intentional infliction of emotional distress); Cal. Code

7    Civ. Proc. § 340(c) (one year for slander).  Plaintiff also alleges causes of action for "declaratory

8    relief" and "injunctive relief" but those claims for relief are not independent causes of action and

9    should be dismissed.

10                    Accordingly, IT IS HEREBY RECOMMENDED that:

11                    1.  Defendants' motion to dismiss (dkt. no. 6) be granted; and

12                    2.  This action be closed.

13                    These findings and recommendations are submitted to the United States District

14   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

15   days after being served with these findings and recommendations, any party may file written

16   objections with the court and serve a copy on all parties.  Such a document should be captioned

17   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

18   shall be served and filed within fourteen days after service of the objections.  The parties are

19   /////

20   /////

21   /////

22   /////

23   /////

24

25   [3]  Assuming arguendo the statute of limitations was tolled while plaintiff pursued remedies before the NLRB, those proceedings became final on April 26, 2011.  <u>See generally</u> <u>Galindo v. Stoody Co.</u>, 793 F.2d 1502 (9th Cir. 1986)  The instant action was filed January 31,

26   2012, well outside the six-month statute of limitations.

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 Dated: October 29, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 allen-kaiser1920.57

4